## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                          Criminal Case No: 2:11cr28

KARL WILLIAM NAGORNY,

      Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Karl William Nagorny, in person and by counsel, Brian J. Kornbrath, appeared before me on February 9, 2012. The Government appeared by Stephen D. Warner, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath. The Court then determined that Defendant intended to enter a plea of "Guilty" to a One-Count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. The AUSA then summarized the agreement. Defendant then stated that the Government's summary of the Plea Agreement was correct[1]. The Court **ORDERED** the written Plea Agreement filed.

---

[1] The agreement was dated September 2011 and signed by Defendant in October 2011. Defendant was then scheduled for a change of plea hearing. Prior to the change of plea hearing taking place in 2011, based on information provided by counsel for Defendant, the Court ordered a psychological examination of Defendant. That examination was performed at t federal facility in New York. The delay caused by transporting Defendant to and from the examination, conducting the examination, and preparing the reports accounts for the delay between signing the plea agreement in September 2011 and the taking of the plea contemplated by the agreement on February 9, 2012.

The Court next inquired of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Karl William Nagorny, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The Court proceeded by inquiring regarding Defendant's Court-ordered psychological evaluation which took place in New York over the course of approximately one and one-half months. Defendant stated he was interviewed and completed testing during the evaluation. Defendant understood that the hearing taking place this date was originally scheduled to determine whether he was competent to stand trial and whether he was criminally responsible or insane at the time of the offense. Defendant advised

that he had a copy of the "Competency to Stand Trial Evaluation" and "Criminal Responsibility Evaluation" filed with the Court. He had discussed the findings with his lawyer. From his discussion, he understood he had a right to a hearing regarding the issues of competency to stand trial and legal responsibility at the time of the alleged offense. He understood he had a right to testify regarding the issues. He understood that in the report he was diagnosed with Asperger's Disorder, polysubstance dependence, anxiety disorder, and antisocial personality disorder. He was treated with medications for these disorders while at the facility. He understood that if he pled Guilty, there would be no formal competency hearing or hearing to determine criminal responsibility at the time of the alleged offense.

Defendant stated that his diagnosed conditions were not affecting his ability to understand and respond to the Court's questions; his ability to talk and confer with his lawyer; or his ability to make decisions about his case. His medications prescribed in New York: Lithium 1200 ml extended 24 hour release, Risperdal, and Artane, helped him. Since being returned to the Regional Jail in West Virginia, he has been receiving Lithium at a reduced dosage (1200 ml 12 hour release) and his prescribed Risperdal. He was not given Artane, but that did not affect his ability to hear, understand, and respond to questions; talk and consult with his lawyer; or make decisions. Similarly, the lessened dosage of Lithium was not affecting his ability to hear, understand, and respond to questions; talk and consult with his lawyer; or make decisions.

Defendant understood that by pleading guilty and his answers to the Court's competency questions, result in impairment of his ability to later argue or claim that he was not criminally responsible for the alleged offenses which took place in February 2011.

Upon further inquiry, Defendant stated that the proceeding today was to discuss the plea agreement and that he proposed to plead Guilty to mailing threatening communications. The Court had

the two evaluations filed under seal.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. After which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his direct appeal rights as contained in his written plea agreement as follows:

Ct: Did you and your lawyer discuss that you have a right under the law to appeal the conviction and the sentence that the Judge imposes against you to the Fourth Circuit Court of Appeals provided you do so within 14 days of the Judge's oral pronouncement of the sentence against you?

Def: Yes.

Ct: Did you also discuss with your lawyer that you may file a motion under Title 28 USC section 2255, collaterally attacking or challenging the sentence that the judge imposes on you?

Def: Yes.

Ct: That's commonly called a habeas corpus-type motion.

Def: Yeah.

Ct: You're aware of that?

Def: Yes.

Ct: Did you understand that under paragraph 10 of your written plea agreement– and I'm going to paraphrase that– if the judge goes along with your agreement, and imposes the sentence of 5 years of imprisonment, the three years of supervised release, that you give up your right to appeal that sentence to the Fourth Circuit and you give up your right to file a habeas corpus attack motion under 2255?

Def: Yes.

Ct: And what that means is that if you did file an appeal or if you did file a habeas corpus-type motion, the court reviewing it would have a right to look at your written plea agreement, a transcript of today's hearing, a transcript of the sentencing hearing, and a judgment and commitment order and if the court determined that you have waived those rights they could throw out your appeal, could throw out your habeas motion, without giving you a further right to be heard. Do you understand that?

Def: Yes.

Through this colloquy the Court determined Defendant understood his appeals rights and voluntarily gave them up as part of the written plea agreement.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on October 4, 2011, and

determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the One Count Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

Defendant also understood that his specific sentence, if the plea was accepted by the District Judge, would be imprisonment for a term of 5 (five) years, followed by three (3) years of supervised release. Defendant also understood that, while the Court may accept, reject or defer its decision, this agreed disposition binds the Court, with respect to the expressly-stated terms, if and only if the Court accepts the plea agreement; that the District Judge would advise him whether he accepted his plea agreement; if he advised him he was rejecting the plea agreement, he would then give him the opportunity to withdraw his guilty plea; and if he did not withdraw the plea, the District Judge would proceed to sentence him within the statutory maximum on his plea. The Court noted that the maximum statutory sentence was 5 (five) years imprisonment.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

Thereupon, Defendant, Karl William Nagorny, with the consent of his counsel, Brian J. Kornbrath, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the One-Count Information.

The Court would at this time usually receive sworn testimony to provide an independent basis of fact in support of the guilty plea. In this case the parties agreed to proceed through a written stipulated statement of facts. The Court inquired, and Defendant stated he agreed with this procedure. The Court then read the stipulation of facts into the record. It provides that the United States of America and William J. Ihlenfeld, II, the United States Attorney for the Northern District of West Virginia by Assistant United States Attorney Stephen D. Warner, and as well the Defendant, Karl William Nagorny, in person and by counsel Brian Kornbrath, Federal Public Defender, stipulate to the following statement of facts:

> On or about February 17, 2011, the defendant mailed a letter from his home in Michigan to Summit Community Bank, P.O. Box 863, Franklin West Virginia. The letter was delivered to the bank by the U.S. Postal Service and opened by a bank employee. The letter is Exhibit A. The letter references a bank account ending in 6039, which is the bank account number for the defendant, Karl Nagorny, who lives in Michigan. Pursuant to a warrant, a detective from the Sterling Heights, Michigan, Police Department, seized Mr. Nagorny's computer and found evidence of the letter on his hard drive. Mr. Nagorny confessed that he did not mean any harm.

The stipulation of facts was signed by Defendant and counsel.

Defendant then stated he had read the stipulated statement of facts, signed it after reading it, and understood those to be the facts of the case against him. Further, the letter, Exhibit A, is the letter he wrote and sent to the West Virginia bank. The name Summit Community Bank was found on his hard drive. He did not deny that he wrote the letter to Summit Community Bank. When asked if he knew he was making a threat in the letter of February 17, 2011, Defendant stated he "supposed in [his] stupid—[his] psychological mind . . . ." then trailed off. He then again stated he did not deny writing

the letter.

The Court **ORDERED** the letter redacted to partially remove the personal bank account number, and **ORDERED** the stipulated statement of facts and the redacted Exhibit A filed and made part of the record.

From the stipulated statement of facts, the undersigned Magistrate Judge concludes the offense charged in the One-Count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant made a knowing and voluntary plea of guilty to the One-Count Information; Defendant is fully competent and capable of entering an informed plea; Based on Defendant's answers to questions during the hearing and the psychological evaluation, Defendant was not suffering from a mental disease or defect which affected his ability to understand the wrongness of his conduct in February of 2011, or to conform his actions to the law; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant understood the written plea agreement, including the right of the District Judge to reserve any decision whether to go along with the binding sentence of five years and supervised release of three years, pending a sentencing hearing and a pre-sentence investigation report, and the opportunity of all parties to be heard at the sentencing hearing; and Defendant's plea is independently supported by stipulated statement of facts, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant pled.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained in the One-Count Information herein be accepted conditioned upon the Court's

receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report and that the defendant be adjudged guilty on said charge as contained in the One-Count Information and have sentence imposed accordingly. The undersigned makes no recommendation as to accepting or not accepting the binding terms of the agreement.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Defendant is remanded to the custody of the United States Marshall pending further proceedings in this matter.

Respectfully submitted this 9th day of February, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE